IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WENDY BALL | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| DUTY FREE AMERICAS, INC.; | § | CIVIL ACTION NO. H-08-0232 |
| FALIC FASHION GROUP, LLC; | § | JURY |
| CHRISTIAN LACROIX S.N.C.; | § | |
| CHRISTIAN LACROIX NORTH | § | |
| AMERICA, LLC; and | § | |
| NICOLAS TOPIOL | § | |
| *Defendants.* | § | |

## U.S. DEFENDANTS' REPLY MEMORANDUM
## IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants DUTY FREE AMERICAS, INC. ("DFA"), FALIC FASHION GROUP, LLC ("FFG"), and CHRISTIAN LACROIX NORTH AMERICA, LLC ("CLNA") (collectively, the "U.S. Defendants"), by and through undersigned counsel, respectfully submit this reply memorandum in support of their Motion to Dismiss.

### Introduction

In their Motion to Dismiss (DE 19) , the U.S. Defendants sought the dismissal of Count One of the Amended Complaint on the grounds that Plaintiff WENDY BALL ("Ball") failed to state a claim upon which relief may be granted for retaliatory discharge under the *Sabine Pilot* theory.  As a matter of law, Ball's Amended Complaint affirmatively negates any ability to meet the *Sabine Pilot* requirement to plead that she was terminated for the sole reason of having refused to engage in a criminal act, inasmuch as she has sworn under oath an alternative cause for her termination, namely, age discrimination.

Ball filed a response to the Motion to Dismiss (DE 22), wherein she primarily argued that she can state a claim under the *Sabine Pilot* theory of liability while stating a claim for age discrimination in the alternative. Ball's argument was based exclusively on *Laurence v. Atzenhoffer Chevrolet*, 281 F. Supp.2d 898, 900 (S.D. Tex. 2003). However, as detailed below, notwithstanding the *Laurence* decision, binding Fifth Circuit case law and subsequent Southern District of Texas decisions unequivocally hold that a party cannot state a claim for both wrongful termination under *Sabine Pilot* and an alternative legal theory for termination.

### Plaintiff's *Sabine Pilot* Claim Must Be Dismissed with Prejudice as Plaintiff's ADEA Claim Precludes such a Mutually Exclusive Claim

Count One of the Amended Complaint (Retaliation For Refusal to Violate Customs Laws) fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). By also pleading that she had been terminated due to her age in Count II of her Amended Complaint, Ball is barred from stating a claim under the *Sabine Pilot* theory of wrongful termination. The Fifth Circuit has clearly laid out the necessary elements for a plaintiff to establish a *prima facie* case for wrongful termination: "[U]nder *Sabine Pilot*, the plaintiff must prove that: (1) she was required to commit an illegal act which carries criminal penalties; (2) she refused to engage in the illegality; (3) she was discharged; [and] (4) **the sole reason for her discharge was her refusal to commit an unlawful act**." *White v. FCI USA, Inc.*, 319 F.3d 672,676 (5th Cir. 2003); *Sabine Pilot Service, Inc., v. Hauck*, 687 S.W. 2d. 733, 735 (Tex. 1985) (emphasis added).

The Fifth Circuit has clearly and consistently held that "**[u]nder Texas law, an employee who alleges wrongful discharge for refusing to perform a criminal act cannot advance additional claims**." *U.S.A. v. Columbia Healthcare Corp.*, 2005 WL 1924187 at *22 (S.D. Tex. Aug. 10, 2005) (Rosenthal, J.) (emphasis added), quoting *Pease v Pakhoed Corp.*, 980 F.2d 995,

997 (5th Cir. 1994); *see also Robertson v. Bell Helicopter Textron, Inc.*, 32 F.3d 948 (5th Cir. 1994); and *Guthrie v. Tifco Industries*, 941 F.2d 374, 379 (5th Cir. 1991).

In *Guthrie*, a former employee brought an action against his former employer alleging age discrimination under the ADEA, as well as wrongful discharge under *Sabine Pilot*. 941 F.2d at 379. The Fifth Circuit affirmed the Southern District of Texas' dismissal of the wrongful discharge claim, holding that "[b]ecause the refusal to perform an illegal act must be the sole reason for the plaintiff's discharge, [the plaintiff's] claims of age discrimination and wrongful discharge are mutually exclusive." *Id.*

Similarly, in *Robertson*, a former employee brought suit against his former employer under the whistleblower provision of the False Claims Act ("FCA"), as well as an alternative claim for wrongful discharge under *Sabine Pilot*. 32 F.3d at 948. The Fifth Circuit upheld the Northern District of Texas' dismissal of the wrongful discharge claim, explaining that under *Sabine Pilot*, "the refusal to perform an illegal act must be the sole reason advanced for the plaintiff's discharge. [The plaintiff's] assertion that he was fired for another reason - in retaliation for investigating a *qui tam* action - precludes his common law claim." *Id.*

Judge Rosenthal of the Southern District of Texas reached the same conclusion in *Columbia Healthcare*. In that case, the plaintiff brought suit against her former employer for retaliation under the FCA, as well as an alternative claim for wrongful discharge under *Sabine Pilot*. 2005 WL 1924187 at *1. Relying on *Robertson* and *Pease*, the employer argued that Texas law barred the plaintiff's *Sabine Pilot* claim because she also alleged that she was dismissed for engaging in conduct protected by the FCA. *Id.* at *21. In response thereto and relying on *Laurence*, the plaintiff contended that "*Robertson* and *Pease* stand only for the proposition that an employee cannot recover on both an FCA retaliation and *Sabine Pilot* claim,

but [she] may still permissibly plead alternate violations." *Id.* at *22. However, this Court flatly rejected the plaintiff's position – which is echoed here by Ball – because "[b]inding Fifth Circuit authority, no matter how much this court disagrees with it, supports the dismissal of [the *Sabine Pilot*] claim." *Id.*

Since Ball is advancing the exact same argument that the plaintiff made in *Columbia Healthcare*, it should meet with the same result. Binding Fifth Circuit precedent trumps the *Laurence* decision, which improperly permitted a party to plead a *Sabine Pilot* claim and an alternative claim for age discrimination. Because a cause of action under *Sabine Pilot* requires that retaliation for refusal to commit illegal act be the **sole** reason for the dismissal, bringing alternative claims under *Sabine Pilot* and age discrimination is not only inconsistent, but precluded as being mutually exclusive under Fifth Circuit law. Indeed, the presence of the age discrimination claim defeats the pleading requirements to state a claim for wrongful discharge, as flatly held by the Fifth Circuit.

Finally, Ball's argument that her *Sabine Pilot* claim should not be dismissed because her age discrimination claim is based on her subjective belief is entirely irrelevant at this stage. The sufficiency or insufficiency of Ball's evidence is a question relevant only in proving Ball's case for age discrimination. *See Elliott v. Group Medical & Surgical Services*, 714 F.2d 556, 564 (5th Cir. 1983) ("generalized testimony by an employee regarding his subjective belief that his discharge was the result of age discrimination is insufficient to make an issue for the jury"). However, as explained above, Ball's *Sabine Pilot* claim fails at the pleading stage, as it is barred because she pled that she was terminated based on her age.

As a result, Count One of the Amended Complaint for Retaliation For Refusal to Violate Customs Laws must be dismissed, as Ball's age discrimination claim precludes her from

maintaining a claim under *Sabine Pilot*, even in the alternative.  This lawsuit should proceed under the only claim that Ball can properly plead, that for age discrimination.

## Conclusion

For the reasons detailed herein and in the U.S. Defendants' memorandum in support of their motion to dismiss (DE 19), Count One of the Amended Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

COFFEY BURLINGTON

By: /s/  Daniel F. Blonsky

Daniel F. Blonsky
Fla. Bar No. 972169
Gabriel Groisman
Fla. Bar No. 25644
2699 South Bayshore Drive
Miami, FL 33133
Telephone:  (305) 858-2900
Facsimile:  (305) 858-5261

JACKSON | LEWIS L.L.P.

Joseph G. Galagaza
Tex. Bar No. 07572600
Southern District of Texas Bar No. 2283
Jeff Barnes
Tex. Bar No. 24045452
Fed. Id. No. 578228
Wedge International Tower
1415 Louisiana, Suite 3325
Houston, Texas 77002
Telephone:  (713) 650-0404
Facsimile:   (713) 650-0405

ATTORNEYS FOR DEFENDANTS
DUTY FREE AMERICAS, INC.; FALIC
FASHION GROUP, LLC; and CHRISTIAN
LACROIX NORTH AMERICA, LLC.

**CERTIFICATE OF SERVICE PURSUANT TO ELECTRONIC FILING PROTOCOLS**

I hereby certify that the foregoing has been filed pursuant to the electronic filing requirements of the United States District Court for the Southern District of Texas on this the 9th day of April 2008, which provides for service on counsel of record in accordance with the electronic filing protocols in place.

/s/  Daniel Blonsky
Daniel Blonsky